IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Cheryl Lea Berrier, | Case No. 3:20 CV 1655 |
| Plaintiff, | ORDER ADOPTING |
| -vs- | <u>REPORT AND RECOMMENDATION</u> |
| Commissioner of Social Security, | JUDGE JACK ZOUHARY |
| Defendant. | |

## INTRODUCTION

Plaintiff Cheryl Lea Berrier seeks judicial review of an adverse finding on her claim for social security benefits under 42 U.S.C. § 405(g).  In September 2019, an administrative law judge ("ALJ") determined Berrier was not disabled (Doc. 12 at 76–84).  The case was referred to Magistrate Judge Carmen Henderson for a Report and Recommendation ("R&R") under Local Rule 72.2(b)(2).  Judge Henderson recommends this Court affirm the decision denying Berrier's application for Supplemental Security Income ("SSI") under the Social Security Act (Doc. 19). Berrier objects to the R&R (Doc. 20); the Commissioner responds (Doc. 21).  This Court has reviewed *de novo* the portions of the R&R to which Berrier objects.  *See Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981); 28 U.S.C. § 636(b)(1)(B) & (C).

## BACKGROUND

The R&R accurately recites the relevant factual and procedural background, which this Court adopts (Doc. 19 at 1–7).  Briefly, Berrier began receiving mental health treatment from Aspire Health Partners in 2017 and was diagnosed with generalized anxiety disorder and major depressive disorder with psychotic features (Doc. 12 at 26, 456).  Upon moving to Ohio, she

continued her treatment at the Zepf Center in Toledo, where she received additional diagnoses for schizoaffective disorder (bipolar type), post-traumatic stress disorder, and mild alcohol abuse disorder (*id.* at 484). Berrier's conditions were managed by a variety of medications, which were adjusted over the course of the treatment based on their efficacy and side effects (*id.* at 445–528). While some symptoms continued despite medication, Berrier regularly reported mostly stable moods, consistent weight, good appetite, and an ability to care for herself and her mother throughout the course of her treatment (Doc. 19 at 4–6).

Berrier filed an application for SSI in July 2018. She claimed disability due to posttraumatic stress disorder, paranoia, lack of sleep, bipolar disorder, schizophrenia, asthma, and emphysema (Doc. 12 at 162–63). Although the ALJ found Berrier had no prior work within the past fifteen years (*id.* at 28), there is information indicating that she, at least for a brief time during her treatment, was working in her husband's restaurant (*id.* at 476). In assessing her capacity to obtain and maintain employment, reviewing physician Dr. Gerald Klyop found that despite some limitations, Berrier would be able to perform the tasks of a postal sorter, clerical router, or as a delivery page, and that these jobs existed in significant numbers in the national economy (*id.* at 108–09).

Berrier's medical records were reviewed by two different State Agency psychologists to guide the ALJ in determining residual functioning capacity ("RFC") (Doc. 19 at 6–7). Dr. Courtney Zeune found Berrier had moderate limitations that would make it difficult for her to interact with the general public and follow detailed instructions, but also concluded that Berrier was not limited, or not significantly limited, with respect to following a schedule, carrying out simple instructions, performing multi-step tasks, and working near others (Doc. 12 at 107). Dr. Cynthia Waggoner echoed these findings (*id.* at 123–24).

The ALJ agreed, concluding that jobs exist in significant numbers in the national economy that the claimant can perform, and that Berrier had not been under a disability as defined by the Social Security Act (Doc. 19 at 8). The Magistrate Judge affirmed the ALJ (*id.* at 23).

## STANDARD OF REVIEW

Judicial review is "limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting 42 U.S.C. § 405(g)). "Even if the evidence could also support another conclusion, the decision of the [ALJ] must stand if the evidence could reasonably support the conclusion reached." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

## DISCUSSION

Berrier raises two objections to the R&R. She first argues the reviewing experts were not sufficiently informed to guide the ALJ (Doc. 20 at 2). Specifically, Berrier says the R&R improperly cited an "old incidence of hallucination" to support the conclusion that the reviewing psychiatric experts were sufficiently informed to guide the ALJ's decision (*id.* at 2). In her merits brief, Berrier recites a timeline that she asserts accurately describes the evolution of her mental-health symptoms (Doc. 14 at 16–17). She argues the experts, and the ALJ, failed to properly consider her worsening symptoms (Doc. 20 at 2–3). However, the R&R did not "dismiss . . . [Berrier]'s discussion of worsening symptoms . . . by stating [she] had previously complained of auditory hallucinations and that reviewing psychologists had considered that" (Doc. 20 at 2). It simply states that auditory hallucinations were not a new symptom, and the experts had

considered that symptom when preparing the RFC reports to the ALJ (Doc. 19 at 14). Nowhere does the R&R state the ALJ's decision was affirmed based on past hallucinations.

This objection is best considered in the context of one of Berrier's larger issues with the ALJ's decision -- that the record was not properly developed and that a consultative examination should have been ordered (Doc. 14 at 14). Berrier argues the ALJ needed additional guidance to accurately determine what constitutes a sufficient level of "improvement" in her case (Doc 20. at 3). Berrier is correct that in certain situations a consult or exam may be necessary to fully develop the record. In *Deskin v. Commissioner of Social Security*, the district court held:

> [When] the transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations (or only an outdated nonexamining agency opinion), to fulfill the responsibility to develop a complete record, the ALJ must recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing. This responsibility can be satisfied without such opinion only in a limited number of cases [in which] the medical evidence shows relatively little physical impairment and an ALJ can render a commonsense judgment about functional capacity.

605 F. Supp. 2d 908, 912 (N.D. Ohio 2008) (citation and internal quotation marks omitted). *Deskin* has since been critiqued by other courts in this District. *See, e.g.*, *Adams v. Colvin*, 2015 WL 4661512, at *15 (N.D. Ohio 2015) (citing *Jackson v. Comm'r of Soc. Sec.*, 2014 WL 2442211, at *6 (N.D. Ohio 2014)); *Williams v. Astrue*, 2012 WL 3586962, at *7 (N.D. Ohio 2012); *Strimpel v. Astrue*, 2012 WL 4060744, at *9 (N.D. Ohio 2012). In light of the negative treatment, *Kizys v. Commissioner of Social Security* clarified that *Deskin* is "not . . . a bright-line test" and "potentially applies only when [1] an ALJ makes a finding of work-related limitations based on no medical source opinion or [2] an outdated source opinion that does not include consideration of a critical body of objective medical evidence." 2011 WL 5024866, at *2 (N.D. Ohio 2013).

Neither applies in this case. First, the work limitations found in this case were supported by medical source opinions (Doc. 19 at 6–7, 14). Second, there has been no showing of a "critical body of objective medical evidence" post-dating the psychologists' opinions that had not been considered by the ALJ. In *Deskin*, the ALJ made an RFC determination even though none of the treating physicians opined on plaintiff's work-related physical limitations. 605 F. Supp. 2d at 910. Despite this necessary opinion testimony, the ALJ did not consider two years of post-dated treatment records that included MRI findings of substantial degenerative disc disease and direct statements from the treating doctor identifying Plaintiff's physical limitations. *Id.* There the court determined that more was necessary to evaluate this new medical evidence. *Id.* at 913. Here, the ALJ fully considered the opinion evidence of both Dr. Zeune and Dr. Waggoner, and they each included information that specifically outlined Berrier's limitations (Doc. 12 at 107, 123–24). Further, only five months of supplemental medical records were available after the psychiatrists issued their opinions (not two years), with no information indicating a major shift in Berrier's conditions (Doc. 19 at 13–14). In sum, the ALJ did not err by failing to order a consultative exam, and the Magistrate Judge properly addressed this issue in the R&R.

Berrier's second objection to the R&R is that "[t]he Magistrate Judge did not adequately address the ALJ's failure to build an accurate and logical bridge between the evidence and the resultant RFC assessment" (Doc. 20 at 4). Simplified, she is alleging the ALJ's factual findings were not supported by substantial evidence. Berrier specifically takes issue with the ALJ's finding that Berrier's declining psychiatric treatment was evidence weighing against a disability (*id.*).

Social Security Ruling ("SSR") 16-3p states that the Agency will not find symptom allegations inconsistent with the evidence on the record on the basis of not seeking treatment without first considering the reasons claimant might not seek treatment. Berrier is correct that the

5

ALJ did not directly inquire as to why she did not accept therapy (Doc. 19 at 20), but it cannot be said that the ALJ did not consider the reasons she chose not to. The administrative record clearly states that Berrier declined treatment "because she wants to get used to Zepf before starting therapy" (Doc. 12 at 498). Berrier's hypotheticals about possible alternate bases for declining therapy, not reflected in the record, are not persuasive in light of the record evidence on the issue. Additionally, SSR 16-3p states only that the ALJ "may" need to contact claimant to inquire about reasons, but that inquiry is not mandatory. Here, the ALJ was able to otherwise determine Berrier's reason for not seeking therapy. Ultimately, the key question is whether the ALJ's findings of fact are supported by substantial evidence. The answer here is yes.

## Conclusion

As detailed in the R&R, a significant amount of record evidence suggests Berrier's symptoms improved over time, including Berrier's own statements that she "never felt better," and treatment notes documenting Berrier's lack of depression and other symptoms at numerous appointments (Doc. 19 at 10–11). In addition to the improvement in symptoms, medical records also show that Berrier presented a "normal" psychiatric state on at least two consecutive appointments prior to her application for SSI (Doc. 12 at 513, 522). The vocational expert testified that there are available jobs for Berrier in the economy that are practical for her limitations (Doc. 12 at 108–09). Similar evidence has been found sufficient to deny an SSI claim. *See Viccarone v. Saul*, 2021 WL 606374 (N.D. Ohio 2021) (no finding of disability where the medical records indicated that plaintiff's symptoms -- including anxiety, depression, and other psychiatric conditions -- improved over time, and plaintiff herself reported improvement, and the vocational expert testified there were available jobs for plaintiff in the economy). *See also Reeves v. Berryhill*, 2019 WL 1923332, at *16 (N.D. Ohio 2019) (finding the ALJ properly rejected claimant's

allegations of disabling psychiatric symptoms where she reported improved symptoms with treatment).

With substantial evidence to support the ALJ's no disability finding, Berrier's Objection (Doc. 20) is overruled. This Court adopts the R&R (Doc. 19) in its entirety. The Complaint (Doc. 1) is dismissed.

IT IS SO ORDERED.

                                       s/ *Jack Zouhary*
                                   JACK ZOUHARY
                                   U. S. DISTRICT JUDGE

                                   January 21, 2022